IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Maurice Lee, #191766, | ) | C.A. No. 0:06-1219-CMC-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| State of South Carolina; and Henry McMaster, | ) | |
| Attorney General of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation. On July 12, 2006, the Magistrate Judge issued a Report recommending that the petition be dismissed as untimely. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner filed objections to the Report on July 24, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), imposed a one-year statute of limitations on the filing of petitions under 28 U.S.C. § 2254. The Fourth Circuit has held that the AEDPA's time limit is a statute of limitation, not a jurisdictional bar, and therefore "is subject to equitable tolling, at least in principle." *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). However, equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 330. Petitioner would be entitled to equitable tolling of the statute of limitations period if he "presents (1) extraordinary circumstances, (2) beyond [his] control or external to [his] own conduct, (3) that prevented [him] from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Respondents) prevented Petitioner from filing a petition, or extraordinary circumstances beyond Petitioner's control made it impossible to timely file the claim. *See Harris*, 209 F.3d at 330. The instant petition meets none of these requirements.

IT IS THEREFORE ORDERED that this matter is dismissed without requiring Respondents to file a return. This court is without jurisdiction to entertain this petition.

2

**IT IS SO ORDERED**.

        s/ Cameron McGowan Currie
        CAMERON MCGOWAN CURRIE
        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 15, 2006

C:\Documents and Settings\arh47\Local Settings\Temp\notes6030C8\06-1219 Lee v. State of South Carolina e adopt rr dism as untimely.wpd